```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,           :
       Plaintiff
                                   :

       vs.                          :  CRIMINAL NO.  1:CR-96-149

                                   :
SEAN WILLIAM MURPHY,
       Defendant                    :


M E M O R A N D U M

      Defendant, Sean Murphy, has filed a pro se motion for reconsideration under Fed. R. Civ. P. 60(b)(4) and (6), basing it on *Gonzalez v. Crosby*, ___ U.S. ___, 125 S. Ct. 2641 (2005). In March 2005, Defendant had filed a previous motion under Rule 60(b), which we denied on April 7, 2005. That motion attacked Murphy's conviction and sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000), and *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005).

      It is difficult to determine whether Defendant's current motion seeks reconsideration of the April 7 order or reconsideration of the judgment of sentence. It is immaterial since both motions attack Defendant's conviction and under Gonzalez, contrary to Defendant's assertion, each is in essence a second 2255 motion we cannot consider unless the Third Circuit authorizes us to do so.

In June 1996, Defendant was charged in a four-count indictment for drug-related offenses. After executing a written plea agreement, on November 4, 1996, he pled guilty to count II of the indictment, which charged him with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 1, 1997, Defendant was sentenced to 204 months. The defendant took a direct appeal, which the Third Circuit denied in an unpublished memorandum opinion. *See United States v. Murphy*, No. 97-7178 (3d Cir. Dec. 9, 1997).

On December 9, 1998, Defendant filed a pro se 2255 motion. On February 16, 1999, we denied it. On appeal, the Third Circuit affirmed. *United States v. Murphy*, No. 99-3316 (3d Cir. Nov. 24, 1999).

A district court cannot entertain a second or successive 2255 motion unless the court of appeals certifies that it can do so. *See* 28 U.S.C. § 2255 ¶ 8; *see also United States v. Miller*, 644, 649 (3d Cir. 1999). Although the current motion is styled as a Rule 60(b) motion, it either attacks the judgment of sentence or seeks to resurrect a motion that does. As such, we must consider it a second 2255 motion.

*Gonzalez* supports our ruling. In that case, the Supreme Court held that a Rule 60(b) motion seeking relief from denial of a 28 U.S.C. § 2254 petition that presents a claim

2

attacking a state-court criminal conviction is essentially another petition under 28 U.S.C. § 2254, requiring the permission of the court of appeals for its filing.  This is so even if the petitioner couches the motion in the language of Rule 60(b), by arguing, for example, that a change in substantive law after the habeas proceedings justifies relief.  *Id.* at ___, 125 S.Ct. at 2647-48.

That is what Defendant is attempting to do here.  He seeks relief from the judgment of conviction by arguing that cases that came later justify relief from the judgment.  *Gonzalez* applies to 2255 motions as well as to 2254 petitions.  *See United States v. Scott*, 414 F.3d 815 (7th Cir. 2005)(applying *Gonzalez* to a 2255 motion); *United States v. Terrell*, 2005 WL 1672122 at *2 (11th Cir. 2005)(nonprecedential)(explicitly stating that Gonzalez applies to 2255 proceedings).[1]

We will therefore deny the motion.  We will also deny a certificate of appealability, based on the above analysis.  However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his Rule 60(b) motion, *see*

---

[1] It us true that the petitioner prevailed in *Gonzalez* but only because his claim was not an attack on the merits of his conviction.  His 2254 petition had been dismissed as time-barred, and he sought relief from that judgment on the basis of a subsequent Supreme Court decision favorable to him on the statute-of-limitations issue.

3

28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

>                                    /s/William W. Caldwell
>                                    William W. Caldwell
>                                    United States District Judge

Date: September 22, 2005

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,   :
    Plaintiff
                                                    :

    vs.   :   CRIMINAL NO.  1:CR-96-149

                                                    :
SEAN WILLIAM MURPHY,
    Defendant   :

## O R D E R

AND NOW, this 22nd day of September, 2005, it is ordered that:

    1.  Defendant's motion (doc. 97) for reconsideration under Fed. R. Civ. P. 60(b) is denied.

    2.  A certificate of appealability is denied.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge